UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GARY DEE BICE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:20-cv-00263-SEP |
| JOHN JORDAN, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This closed civil matter is before the Court upon receipt of a letter from Gary D. Bice, prison registration number 177348. The Court has liberally construed the letter as a motion seeking reconsideration of the December 18, 2020, dismissal of this action. For the reasons that follow, the motion will be denied.

### BACKGROUND

As fully set forth in the Court's December 18, 2020, Memorandum and Order, Bice is a prisoner who is subject to 28 U.S.C. § 1915(g), and his case was dismissed without prejudice to the filing of a fully-paid complaint. Doc. [5]. In his letter, Bice expresses disappointment that the case was dismissed because he has no money. He reasserts allegations that people have compromised his bank account and asks the Court to assist him in filing charges against them.

### DISCUSSION

Bice did not frame his motion under the Federal Rules of Civil Procedure, but it can be considered the functional equivalent of a motion under either Rule 59(e) or 60(b). Rule 59(e) allows a court to correct its own mistakes in the time immediately following judgment. Rule 59(e) motions "serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* Rule 60(b) allows a court to relieve a party from a final judgment for,

among other reasons, mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b). It "provides for 'extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1987)). Rules 59(e) and 60(b) are analyzed identically. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 935 n.3 (8th Cir. 2006).

The Court has reviewed Bice's motion and finds no basis for altering or amending its prior judgment. The motion does not point to any manifest errors of law or fact or any newly discovered evidence, nor does it demonstrate exceptional circumstances warranting relief.

Accordingly,

**IT IS HEREBY ORDERED** that Gary Dee Bice's motion (Doc. [8]) is **DENIED**.

Dated this 16th day of February, 2021.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE